United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20715
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE LUIS URAPO-PACHECO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-21-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jose Luis Urapo-Pacheco ("Urapo") appeals his guilty-plea conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326. Urapo concedes that his arguments are foreclosed by circuit law but raises two issues to preserve them for possible en banc and Supreme Court review.

    Urapo renews his argument that his prior felony conviction for possession of cocaine did not merit the eight-level

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment under U.S.S.G. § 2L1.2(b)(1)(C) for an aggravated felony and that he should have received only the four-level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(D) for "any other felony."  Urapo's argument regarding the definitions of "drug trafficking offense" and "aggravated felony" was recently foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 705-07 (5th Cir. 2002), petition for cert. filed, (Mar. 19, 2003) (02-9747).  The district court thus did not err in assessing the eight-level adjustment.

Urapo also argues, for the first time on appeal, that 8 U.S.C. § 1326 is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not as an element of the offense.  Apprendi v. New Jersey, 530 U.S. 466 (2000), did not overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.